IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CALEB ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-28-RAH |
| | ) | (WO) |
| PATHWAY, INC., e*t al*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On February 11, 2022, Defendant Pathway, Inc. filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 13) against Plaintiff Caleb Anderson. In its motion, Defendant Pathway, Inc. asserts that the Plaintiff has threatened and harassed an employee of Pathway, Inc., Caleb Robinson, who is also a defense witness in this lawsuit. The Court held a telephone hearing on the Motion for Temporary Restraining Order on February 11, 2022. The Plaintiff participated in this hearing as did counsel for the Defendants.

During the telephone hearing, the Plaintiff denied making threats to or harassing the defense witness. Plaintiff did, however, represent to the Court that he would have no further contact with Caleb Robinson, either in person, by telephone, or on social media. The Plaintiff further represented that he would not go onto the premises of Pathway, Inc. The Court likewise reminded the Plaintiff that he is not to contact employees of Pathway, Inc. who may be represented by counsel. If the Plaintiff wishes to communicate with any

of these individuals, he is to do so through defense counsel. The Plaintiff confirmed that he understood and would abide by these obligations.

A temporary restraining order should issue only where the moving party demonstrates that (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). In consideration of this standard and based on the representations made by the Plaintiff during the February 11, 2022 telephone hearing, it is hereby ORDERED as follows:

(1) The Motion for a Temporary Restraining Order (Doc. 13) is DENIED at this time. The Court may revisit its ruling should there be continued instances of threats or harassment toward witnesses or parties to this lawsuit; and

(2) The parties are all reminded of their obligations to refrain from threatening, intimidating, or otherwise harassing[1] potential witnesses or communicating directly with persons represented by legal counsel.

DONE on this the 12th day of February, 2022.

            /s/ R. Austin Huffaker, Jr.
            R. AUSTIN HUFFAKER, JR.
            UNITED STATES DISTRICT JUDGE

---

[1] 18 U.S.C. § 1512 prohibits the use of intimidation or threats against witnesses with the intent to, among other things, influence an official proceeding.