IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CALEB ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cv-28-RAH-JTA |
| | ) | |
| PATHWAY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant Pathway, Inc.'s ("Pathway") Motion for Preliminary Injunction. (Doc. No. 13.) Plaintiff Caleb Anderson ("Anderson") filed an untimely response thereto. (Doc. No. 21.) The motion has been referred to the undersigned for determination or recommendation as may be appropriate. (Doc. No. 17.) Having carefully reviewed the motion, response and applicable law, the undersigned finds that the motion should be denied.

## I.    INTRODUCTION

Pathway offers clinical, vocational, educational, medical, and recreational services to youths, ages ten to eighteen, at four residential campuses. (Doc. No. 14 at 1-2.) Pathway serves approximately 200 youths with a staff of 300 employees. (*Id.* at 2.) Anderson, who filed this action *pro se*, is a former employee of Pathway's Campus 2 location where he worked as a group leader from February 14, 2020 to August 7, 2021. (Doc. No. 1–1 at 13; Doc. No. 14 at 2–3.)   Anderson alleges that Pathway wrongfully terminated his employment and created a hostile work environment. (Doc. No. 1–1 at 7.) Pathway

responds that it terminated Anderson's employment for "hostility" and "routine tardiness and repeated absences." (Doc. No. 14 at 2-3.)

In its verified counterclaim for injunctive relief, Pathway claims that Anderson harassed and threatened a Pathway employee, Caleb Robinson ("Robinson"), on February 5, 2022. (Doc. No. 14 at 3.) According to Robinson's affidavit, Anderson approached him in a checkout line at Walmart and asked to speak with him. Anderson then accused Robinson of defamation because he had complained about Anderson's work performance while Anderson was still employed with Pathway. Anderson believed Robinson's complaint precipitated his termination. Furthermore, Anderson threatened Robinson by saying that he was "making a list," he would see Robinson "real soon," and Robinson would "pay for this." (Doc. No. 13–1 at 2.) Finally, Anderson allegedly shouted racial epithets at Robinson and accused Pathway of abusing children. (Doc. No. 13–1 at 2–3.)

Robinson claims that later the same evening, Anderson attempted to contact him through Facebook Messenger using an alias, Caleb Ben Yahudah.[1] (Doc. No. 13–1 at 3.) Robinson contends that Anderson first sent a message stating, "I apologize." Anderson followed this message with a three-minute voicemail declaring that it was Robinson's fault that Pathway terminated Anderson. Hours after the first voice message, Anderson left a two-minute voicemail and attempted to call Robinson the next morning. (Doc. No. 13–1 at 3, 7.)

---

[1] During the telephone hearing on the Motion for Temporary Restraining Order, Anderson denied that he tried to contact Robinson.

Consequently, Pathway moved for a temporary restraining order and preliminary injunction prohibiting Anderson or anyone acting on his behalf from coming within one hundred feet of a Pathway facility or Pathway employees and their residences.  (Doc. No. 13.)  Additionally, Pathway sought to enjoin Anderson from intimidating or threatening its employees.  Following a telephone hearing in which Anderson assured the Court that he would not harass Pathway's employees or potential witnesses and would not enter Pathway's premises, the Court denied Pathway's application for a temporary restraining order.  (Doc. No. 16.)

## II.   DISCUSSION

Pathway claims that an injunction is needed to "(1) protect and ensure the safety and well-being of Pathway's employees, (2) enable Pathway to operate its . . . facilities without disruption and threats and fear of physical and verbal abuse, harm, and death, and (3) enable Pathway to provide a comfortable, peaceful, and quiet working environment for its employees."  (Doc. No. 13 at 1-2.)  Pathway further contends "that if temporary injunctive relief is not granted, its employees will continue to suffer a direct, serious, and immediate threat of irreparable harm and abuse."  (*Id*.)

The decision to grant or deny a preliminary injunction is entrusted to the district court's sound discretion.  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  The district court may grant a preliminary injunction only if the moving party satisfies each of the following elements: (1) a substantial likelihood of success on the merits; (2) irreparable harm will occur absent injunctive relief; (3) the threatened injury outweighs the damage the requested injunction may cause to nonmoving parties; and (4) the injunction would not

be adverse to the public interest.  *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).  A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the moving party demonstrates each of the four prerequisites. *McDonald's Corp.*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).  The moving party bears the burden of persuasion to clearly establish all four prerequisites.  *Vital Pharm., Inc. v. Alfieri*, 23 F.4th 1282, 1291 (11th Cir. 2022) (quoting *Forsyth Cty. v. United States Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011)).

When determining whether to grant a preliminary injunction, the court takes "all of the well-pleaded allegations in a movant's complaint and uncontroverted affidavits filed in support of the motion for preliminary injunction" as true.  *Alabama v. United States Dep't of Commerce*, 546 F. Supp. 3d 1057, 1063 (M.D. Ala. 2021) (quoting *Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1976)).  Additionally, the court may consider supplemental evidence, including hearsay, submitted by the parties.  *Id.* (citing *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995)).

Here, Pathway has not met its burden of clearly establishing that it will suffer irreparable harm without a preliminary injunction.  As aforementioned, to obtain a preliminary injunction, the moving party must demonstrate that it will suffer irreparable harm if the requested injunctive relief is denied.  *Palmer*, 287 F.3d at 1329.  The prospective harm cannot be remote or speculative, but instead must be actual and imminent. *Curves Int'l, Inc. v. Mosbarger*, 525 F. Supp. 2d 1310, 1315 (M.D. Ala. 2007) (quoting *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285

4

(11th Cir. 1990)).  Pathway's motion is based on a single incident of harassment by Anderson against a Pathway employee at a public retail location and through Facebook Messenger.  Pathway has not shown that Anderson has attempted to come within one hundred feet of any of its four locations or that Anderson has physically sought out any of its employees in private locations.  Nor has Pathway proven that it has endured any harm from the incident described in its verified counterclaim.  Specifically, Pathway points to no negative effect on Robinson's employment status or job performance resulting from Anderson's harassment.  Anderson affirmed at the temporary restraining order hearing that he would not attempt to enter the premises of any Pathway campus and that he would not harass Pathway employees or potential witnesses.  Since the temporary restraining order hearing, there is no evidence indicating that Anderson has harassed any Pathway employees or attempted to enter a Pathway location.  Consequently, the proposed harm is speculative.

Furthermore, if Pathway lost employees or was forced to reduce its provision of services because of Anderson's harassment of other employees in the future, such an injury could be remedied through monetary relief.  For instance, if Pathway had to serve less youth because of a lack of employees owing to Anderson's harassment, the subsequent loss of profits could be quantified and awarded as monetary damages at trial.  However, if an injury can be cured through monetary relief, it is not irreparable.  *See Curves Int'l*, 525 F. Supp. 2d at 1314 (quoting *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991)).  Hence, Pathway has not satisfied the prerequisites for preliminary injunctive

relief.  *See McDonald's Corp.*, 147 F.3d at 1306 (noting that a preliminary injunction is a drastic remedy only to be granted if the moving party proves all four prerequisites).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for preliminary injunction (Doc. No. 13) be DENIED.

It is further

ORDERED that by **August 23, 2022**, the parties may file an objection to this Recommendation.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive[] the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of August, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE