IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CALEB ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cv-28-RAH-JTA |
| | ) | |
| PATHWAY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Caleb Anderson ("Plaintiff"), appearing *pro se*, filed this action alleging claims relating to his employment as a group leader at Pathway, Inc. (Doc. No. 1-1 at 12–14.) Plaintiff names as Defendants: Pathway, Inc. ("Pathway"), Renee Peyrgene, Herman Daniels, Alfredo Herrera, George Thurston-Diaz, and Justin Knutson (collectively "Defendants"). (*Id.* at 4–5.)

Before the court is Defendants' motion for partial dismissal and for a more definite statement (Doc. No. 3) and Plaintiff's response (Doc. No. 21.) Pursuant to 28 U.S.C. § 636, this case been referred to the undersigned Magistrate Judge for determination or recommendation as may be appropriate. (Doc. No. 10.)

For the reasons stated herein, the undersigned recommends that the motion for partial dismissal be GRANTED in part and DENIED in part and the motion for a more definite statement be GRANTED.

## I.   BACKGROUND

Pathway provides clinical, vocational, educational, medical, and recreational services to approximately 200 youths, ages ten to nineteen, at four residential campuses with a staff of 300 employees. (Doc. No. 14 at 1–2.) Plaintiff was employed by Pathway from February 2020 to August 2021, when Pathway terminated his employment. Plaintiff filed a charge against Pathway with the Equal Employment Opportunity Commission ("EEOC") on March 25, 2021, and the EEOC provided Plaintiff a Notice of Right to Sue letter on October 27, 2021. (Doc. No. 1-1 at 8–13.) Thereafter, Plaintiff filed the instant complaint in the Circuit Court of Coffee County, Alabama, on December 15, 2021, alleging violations of Title VII of the Civil Rights Act of 1964 and state tort claims. Relying on federal question subject matter jurisdiction, Defendants removed the case to this court on January 14, 2022. (Doc. No. 1 at 1–2.)

Plaintiff asserts that while he was employed by Pathway he endured defamation, abuse, and fraud. Additionally, Plaintiff maintains that Defendants wrongfully terminated his employment on the basis of race, religion, and national origin, retaliated against him for reporting improper practices, and subjected him to unequal terms and conditions of employment and a hostile work environment. (Doc. No. 1-1 at 6–7.)

Plaintiff specifically contends that he observed Pathway employees engaging in impermissible actions when dealing with youths and that he reported these events to Pathway's leadership. Despite his reports, Pathway did not take the corrective action Plaintiff expected, and multiple Pathway employees told Plaintiff not to worry about what he perceived as abusive practices. Additionally, numerous Pathway employees

purportedly called Plaintiff a "snitch." Likewise, Plaintiff maintains that Thurston-Diaz asked him to falsify a report, a request which Plaintiff refused. Furthermore, Herrera complained to Peyrgene that Plaintiff had threatened Herrera's staff. Finally, Plaintiff asserts that after he filed a charge with the EEOC, Pathway terminated his employment. (*Id.* at 12–14.) Pathway has responded that it terminated Plaintiff's employment for "hostility" and "routine tardiness and repeated absences." (Doc. No. 14 at 3.)

On January 14, 2022, Defendants moved to partially dismiss Plaintiff's claims and for a more definite statement for the following reasons:

1. Plaintiff's Title VII claims against the individual Defendants are barred by law.

2. Plaintiff has not pleaded plausible, non-conclusory facts to proceed on his defamation and fraud actions.

3. Plaintiff's alleged claim for abuse does not exist under Alabama law.

4. Plaintiff's complaint is a "shotgun pleading" that should be amended to enumerate specific allegations to sustain his Title VII allegations.

(Doc. No. 3.) Months after the undersigned issued a show cause order (Docs. No. 11, 12), Plaintiff filed an untimely, conclusory, and brief response to Defendants' motion on April 4, 2022, wherein he stated only, "I do oppose to [sic] partial dismissal of portion in [sic] case." (Doc. No. 21.)

## II.    STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).  While Federal Rule of Civil Procedure 8(a) "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A complaint is insufficient if it "offers labels and conclusions or a formulaic recitation of the elements of a cause of action," or if it "tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 555, 557).  In short, a complaint must provide a "plain statement possess[ing] enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotations omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Pursuant to Federal Rule of Civil Procedure 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Where a complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," the Eleventh Circuit has granted relief. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Finally, the court must consider a plaintiff's *pro se* status when evaluating a complaint's sufficiency. The Supreme Court has declared, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, the court does not have "license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A *pro se* complaint still must offer allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.   DISCUSSION

Following a thorough review of Plaintiff's complaint (Doc. No. 1-1), Defendants' motion (Doc. No. 3), and Plaintiff's response thereto (Doc. No. 21), the undersigned recommends that Plaintiff's Title VII allegations against the individual Defendants and his abuse claims against Defendants be dismissed. Moreover, the undersigned recommends that Plaintiff be directed to provide a more definite statement related to his Title VII claims against Pathway, and his fraud and defamation claims.

First, the individual Defendants move to dismiss Plaintiff's Title VII allegations against them. (Doc. No. 3 at 3.) It is settled that a plaintiff may not maintain a Title VII

5

action against defendants in their individual capacities. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."); *see also Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees. . . ."). The normal course of action would be to require Plaintiff to replead this allegation. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Yet, because an individual capacity suit is barred by law, no replead allegations could sustain Plaintiff's action. Thus, Plaintiff's Title VII claims against the individual Defendants should be dismissed.

Second, Defendants move to dismiss Plaintiff's abuse claims. (Doc. No. 3 at 6.) Defendants correctly note that Alabama does not recognize an action for abuse. Again, while the court would normally permit Plaintiff to replead, because no facts could establish a non-existent cause of action for abuse, the best course is to dispense with this claim here. *See id.* Consequently, Plaintiff's abuse claim should be dismissed.

Third, Defendants seek to dismiss Plaintiff's defamation and fraud claims. (Doc. No. 3 at 4–5.) Federal Rule of Civil Procedure 8, in relevant part, requires that every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). Additionally, Rule 8 commands that "[e]ach allegation [in a pleading] must be simple, concise, and direct." Fed.

6

R. Civ. P. 8(d)(1). Rule 8 continues by admonishing, "No technical form is required." *Id.* The Eleventh Circuit has noted, "[t]he point of [Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted). Meanwhile, Rule 9(b) governs fraud allegations, and it demands a heightened level of pleading. A party must allege the "*with particularity* the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b) (emphasis added). Finally, Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff's complaint is deficient under all three Rules.

Indeed, Plaintiff's complaint is a "shotgun pleading" that does not comport with the Federal Rules of Civil Procedure. A complaint is a shotgun pleading when it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *see also Anderson* 77 F.3d at 366 (indicating that failure to adhere to Rule 10(b) by "present[ing] each claim for relief in a separate count" amounts to a shotgun pleading). Plaintiff's complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

The Eleventh Circuit has "roundly condemned" shotgun pleadings "both for the confusion they cause litigants and the havoc they wreak on the docket." *Id.* Nevertheless,

the Eleventh Circuit has counseled that prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted). A district court has a "supervisory obligation" to order a party to provide a more definite statement "to adequately link a cause of action to its factual predicates." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006)). Courts in the Eleventh Circuit routinely permit *pro se* litigants to refile a corrected pleading to assert a cause of action rather than dismissing a case for improper pleading. *See, e.g.*, *Johnson v. Georgia*, 661 F. App'x 578, 580 (11th Cir. 2016); *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 92–93 (11th Cir. 2009); *Magluta*, 256 F.3d at 1284 n.3.

    Here, Plaintiff's shotgun complaint does not provide sufficient detail to proceed on his fraud or defamation actions against any Defendant. Plaintiff's complaint neglects to delineate the allegations that he levies against each Defendant; instead, Plaintiff's complaint identifies his causes of action and provides a rambling statement of facts without connecting them to a specific action. (Doc. No. 1-1 at 6–7, 12–14.). As such, Plaintiff's complaint provides little notice to Defendants of the factual allegations supporting his claims. *See Weiland*, 792 F.3d at 1323. Because Plaintiff's claims are not linked to specific facts, Plaintiff is directed to replead to remedy the defects in his complaint that render it a shotgun pleading. *See Barmapov v. Amuial*, 986 F.3d 1321, 1330 (11th Cir. 2021) (Tjoflat, J., concurring) ("There may be times where, in the face of a Rule 12(b)(6) motion, the

8

district court will conclude the appropriate remedy is an order directing the plaintiff to file a more definite statement, not a dismissal without prejudice.").

Finally, Defendants move for a more definite statement regarding Plaintiff's Title VII claims against Pathway. (Doc. No. 3 at 6–8.). As noted, Plaintiff's complaint is an improper shotgun pleading that does not provide Pathway notice of Plaintiff's claims against it. Defendants' motion for a more definite statement, therefore, is due to be granted.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. Defendants' motion for partial dismissal (Doc. No. 3) be GRANTED in part insofar as Plaintiff's Title VII claims against Renee Peyrgene, Herman Daniels, Alfredo Herrera, George Thurston-Diaz, and Justin Knutson be DISMISSED, and Plaintiff's abuse claims against all Defendants be DISMISSED.

2. Defendants' motion for partial dismissal (Doc. No. 3) be DENIED in all other respects.

3. Defendants' motion for a more definite statement (Doc. No. 3) be GRANTED.

4. Plaintiff be directed to file a more definite statement which repleads his Title VII claim against Pathway, and his fraud and defamation claims against Defendants.

It is further ORDERED that by **August 26, 2022**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in

the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive[] the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of August, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE